ORIGINAL

THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
4328 Redwood Hwy., Suite 300
San Rafael, CA 94903
Telephone:    415/674-8600
Facsimile:    415/674-9900

Attorneys for Plaintiff
LES JANKEY, an individual

E-filing

EMC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

LES JANKEY, an individual,

    Plaintiff,

v.

MILANO PIZZA; JOHN VOZAITIS and
DENISE VOZAITIS, TRUSTEES OF THE
JOHN and DENISE VOZAITIS
REVOCABLE LIVING TRUST dated
DECEMBER 20, 2007; and DENNIS
VOZAITIS, an individual dba MILANO
PIZZA,

    Defendants.

CV 09 243 8

CASE NO.
**Civil Rights**

**COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES:**

**1st CAUSE OF ACTION:** For Denial of Access
by a Public Accommodation in Violation of the
Americans with Disabilities Act of 1990 (42
U.S.C. §12101, *et seq.*)

**2nd CAUSE OF ACTION:** For Denial of Full
and Equal Access in Violation of California
Civil Code §§54, 54.1 and 54.3

**3rd CAUSE OF ACTION:** For Denial of
Accessible Sanitary Facilities in Violation of
California Health & Safety Code §19955, *et seq.*

**4th CAUSE OF ACTION:** For Denial of
Access to Full and Equal Accommodations,
Advantages, Facilities, Privileges and/or
Services in Violation of California Civil Code
§51, *et seq.* (The Unruh Civil Rights Act)

**DEMAND FOR JURY**

1  Plaintiff LES JANKEY, an individual, complains of defendants JOHN VOZAITIS and DENISE

2  VOZAITIS, TRUSTEES OF THE JOHN and DENISE VOZAITIS REVOCABLE LIVING

3  TRUST dated DECEMBER 20, 2007; and DENNIS VOZAITIS, an individual dba MILANO

4  PIZZA and allege as follows:

5  **INTRODUCTION:**

6      1.      This is a civil rights action for discrimination against persons with physical

7  disabilities, of which plaintiff LES JANKEY is a member for failure to remove architectural

8  barriers structural in nature at defendants' MILANO PIZZA, a place of public accommodation,

9  thereby discriminatorily denying plaintiff and the class of other similarly situated persons with

10  physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and

11  benefit from, the goods, facilities, services, and accommodations thereof.  Plaintiff seeks

12  injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C.

13  §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety

14  Code §19955, *et seq.*

15      2.      Plaintiff LES JANKEY is a person with physical disabilities who, on or about

16  February 6, 2009, February 14, 2009, April 1, 2009 and April 13, 2009, was an invitee, guest,

17  patron, customer at defendants' MILANO PIZZA, in the City of San Francisco, California.  At

18  said time and place, defendants failed to provide proper legal access to the pizza store, which is a

19  "public accommodation" and/or a "public facility" including, but not limited to entrance, men's

20  restroom and women's restroom.  The denial of access was in violation of both federal and

21  California legal requirements, and plaintiff LES JANKEY suffered violation of his civil rights to

22  full and equal access, and was embarrassed and humiliated.

23  **JURISDICTION AND VENUE:**

24      3.      **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C.

25  §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

26  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

27  nucleus of operative facts and arising out of the same transactions, are also brought under parallel

28  California law, whose goals are closely tied with the ADA, including but not limited to violations

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 | of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*
2 | *seq.*, including §19959; Title 24 California Building Standards Code.

3 |     4.    **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is
4 | founded on the facts that the real property which is the subject of this action is located at/near
5 | 1330 9th Avenue, in the City and County of San Francisco, State of California, and that plaintiffs'
6 | causes of action arose in this county.

7 | **PARTIES:**

8 |     5.    Plaintiff LES JANKEY is a "physically handicapped person", a "physically
9 | disabled person", and a "person with physical disabilities" (hereinafter the terms "physically
10 | disabled", "physically handicapped" and "person with physical disabilities" are used
11 | interchangeably, as these words have similar or identical common usage and legal meaning, but
12 | the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically
13 | handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other
14 | statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff
15 | LES JANKEY is a "person with physical disabilities", as defined by all applicable California and
16 | United States laws. Plaintiff has a congenital deformity of both lower extremities. Plaintiff LES
17 | JANKEY requires the use of a wheelchair to travel about in public. Consequently, plaintiff LES
18 | JANKEY is a member of that portion of the public whose rights are protected by the provisions
19 | of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by
20 | Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code
21 | §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities
22 | Act, 42 U.S.C. §12101, *et seq.*

23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    6.    Defendants JOHN VOZAITIS and DENISE VOZAITIS, TRUSTEES OF THE

2  JOHN and DENISE VOZAITIS REVOCABLE LIVING TRUST dated DECEMBER 20, 2007;

3  and DENNIS VOZAITIS, an individual dba MILANO PIZZA (hereinafter alternatively

4  collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or

5  agents of the owners, lessors and/or lessees, of the public accommodation known as MILANO

6  PIZZA, located at/near 1330 9th Avenue, San Francisco,  California, or of the building and/or

7  buildings which constitute said public accommodation.

8    7.    At all times relevant to this complaint, defendants JOHN VOZAITIS and

9  DENISE VOZAITIS, TRUSTEES OF THE JOHN and DENISE VOZAITIS REVOCABLE

10  LIVING TRUST dated DECEMBER 20, 2007; and DENNIS VOZAITIS, an individual dba

11  MILANO PIZZA, own and operate in joint venture the subject MILANO PIZZA as a public

12  accommodation.  This business is open to the general public and conducts business therein.  The

13  business is a "public accommodation" or "public facility" subject to the requirements of

14  California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the

15  ADA, 42 U.S.C. §12101, *et seq.*

16    8.    At all times relevant to this complaint, defendants JOHN VOZAITIS and

17  DENISE VOZAITIS, TRUSTEES OF THE JOHN and DENISE VOZAITIS REVOCABLE

18  LIVING TRUST dated DECEMBER 20, 2007; and DENNIS VOZAITIS, an individual dba

19  MILANO PIZZA are jointly and severally responsible to identify and remove architectural

20  barriers at the subject MILANO PIZZA pursuant to Code of Federal Regulations title 28, section

21  36.201(b), which states in pertinent part:

22        **§ 36.201      General**

23            (b) *Landlord and tenant responsibilities.* Both the landlord
          who owns the building that houses a place of public
24        accommodation and the tenant who owns or operates the place of
          public accommodation are public accommodations subject to the
25        requirements of this part.  As between the parties, allocation of
          responsibility for complying with the obligations of this part may
26        be determined by lease or other contract.

27        28 CFR §36.201(b)

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

                                                                    4

**PRELIMINARY FACTUAL ALLEGATIONS:**

9. The MILANO PIZZA, is a restaurant, located at/near 1330 9th Avenue, San Francisco, California. The MILANO PIZZA, its entrance, men's restroom, women's restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the MILANO PIZZA and each of its facilities, its entrance, men's restroom and women's restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

10. On or about 1979, defendants' and each of them purchased and/or took possessory control of the premises now known as MILANO PIZZA. At all times prior thereto, defendants' and each of them were aware of their obligation prior to the close of Escrow, or upon taking possessory interest that the public accommodations had a duty to identify and remove architectural barriers and were aware that MILANO PIZZA was not accessible to the disabled. Nevertheless, defendants' and each of them, operated MILANO PIZZA as though it was accessible.

11. At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the MILANO PIZZA as being handicapped accessible and handicapped usable.

12. On or about February 6, 2009, February 14, 2009, April 1, 2009 and April 13, 2009, plaintiff LES JANKEY was an invitee and guest at the subject MILANO PIZZA, for purposes of dining or obtaining take out.

13. On or about February 6, 2009, February 14, 2009, April 1, 2009 and April 13, 2009, plaintiff LES JANKEY struggled up the excessive slope leading through the entrance doors at MILANO PIZZA.

///

///

14. At said times and place, plaintiff LES JANKEY found that the restrooms were not accessible.

15. Therefore, at said times and place, plaintiff LES JANKEY, a person with a disability, encountered the following inaccessible elements of the subject MILANO PIZZA which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

   a.   lack of directional signage to show accessible routes of travel, i.e. entrances and restrooms;

   b.   lack of the (ISA) symbol

   c.   lack of an accessible entrance;

   d.   lack of a handicapped-accessible women's public restroom;

   e.   lack of a handicapped-accessible men's public restroom; and

   f.   On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

16. At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

17. On or about February 23, 2009, defendant(s) were sent two (2) letters by or on behalf of plaintiff LES JANKEY advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances. Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

18. At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff LES JANKEY from receiving the same goods and services as able bodied people and some of which may and did pose

1 | a threat of harm and/or personal injury to people with disabilities. Therefore as a legal result of
2 | defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered
3 | bodily injury.

4 |      19.    As a legal result of defendants JOHN VOZAITIS and DENISE VOZAITIS,
5 | TRUSTEES OF THE JOHN and DENISE VOZAITIS REVOCABLE LIVING TRUST dated
6 | DECEMBER 20, 2007; and DENNIS VOZAITIS, an individual dba MILANO PIZZA's failure to
7 | act as a reasonable and prudent public accommodation in identifying, removing or creating
8 | architectural barriers, policies, practices and procedures that denied access to plaintiffs and other
9 | persons with disabilities, plaintiff suffered the damages as alleged herein.

10 |      20.    As a further legal result of the actions and failure to act of defendants, and as a
11 | legal result of the failure to provide proper handicapped-accessible public facilities as set forth
12 | herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff
13 | LES JANKEY suffered a loss of his civil rights and his rights as a person with physical
14 | disabilities to full and equal access to public facilities, and further suffered bodily injury on or
15 | about February 6, 2009, including, but not limited to, fatigue, stress, strain and pain in wheeling
16 | and attempting to and/or transferring up, on, down, to, over, around and through architectural
17 | barriers. Specifically, as a legal result of defendants negligence in the design, construction and
18 | maintenance of the existing men's restroom, plaintiff suffered continuous, repetitive and
19 | cumulative trauma to his upper extremities while attempting to use the water closet. Plaintiff LES
20 | JANKEY was compelled to get out of his wheelchair and crawl along the floor.

21 |      21.    Further, plaintiff LES JANKEY suffered emotional distress, mental distress,
22 | mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,
23 | embarrassment, anger, disappointment and worry, expectedly and naturally associated with a
24 | person with physical disabilities being denied access, all to his damages as prayed hereinafter in
25 | an amount within the jurisdiction of this court. No claim is being made for mental and emotional
26 | distress over and above that usually associated with the discrimination and physical injuries
27 | claimed, and no expert testimony regarding this usual mental and emotional distress will be
28 | presented at trial in support of the claim for damages.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    22.    Defendants', and each of their, failure to remove the architectural barriers
2  complained of herein created, at the time of plaintiff LES JANKEY's first visit to said public
3  accommodation, and continues to create continuous and repeated exposure to substantially the
4  same general harmful conditions which caused plaintiff LES JANKEY harm as stated herein.

5    23.    Plaintiff LES JANKEYwas denied his rights to equal access to a public facility by
6  defendants JOHN VOZAITIS and DENISE VOZAITIS, TRUSTEES OF THE JOHN and
7  DENISE VOZAITIS REVOCABLE LIVING TRUST dated DECEMBER 20, 2007; and DENNIS
8  VOZAITIS, an individual dba MILANO PIZZA, because defendants JOHN VOZAITIS and
9  DENISE VOZAITIS, TRUSTEES OF THE JOHN and DENISE VOZAITIS REVOCABLE
10  LIVING TRUST dated DECEMBER 20, 2007; and DENNIS VOZAITIS, an individual dba
11  MILANO PIZZA, maintained a pizzeria without access for persons with physical disabilities to its
12  facilities, including but not limited to the entrance, men's restroom, women's restroom , and other
13  public areas as stated herein, and continue to the date of filing this complaint to deny equal access
14  to plaintiff and other persons with physical disabilities in these and other ways.

15    24.    On information and belief, construction alterations carried out by defendants have
16  also triggered access requirements under both California law and the Americans with Disabilities
17  Act of 1990.

18    25.    Plaintiff, as described hereinbelow, seeks injunctive relief to require the MILANO
19  PIZZA to be made accessible to meet the requirements of both California law and the Americans
20  with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the
21  pizzeria as a public facility.

22    26.    Plaintiff seeks damages for violation of their civil rights on February 6, 2009,
23   February 14, 2009, April 1, 2009 and April 13, 2009 and seeks statutory damages of not less than
24  $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for
25  each day after his visit that the trier of fact (court/jury) determines was the date that some or all
26  remedial work should have been completed under the standard that the landlord and tenant had an
27  ongoing duty to identify and remove architectural barriers where it was readily achievable to do
28  so, which deterred plaintiff LES JANKEY from returning to the subject public accommodation

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 because of his knowledge and/or belief that neither some or all architectural barriers had been
2 removed and that said premises remains inaccessible to persons with disabilities whether a
3 wheelchair user or otherwise.

4     27.    On information and belief, defendants have been negligent in their affirmative duty
5 to identify the architectural barriers complained of herein and negligent in the removal of some or
6 all of said barriers.

7     28.    Because of defendants' violations, plaintiff and other persons with physical
8 disabilities are unable to use public facilities such as those owned and operated by defendants on a
9 "full and equal" basis unless such facility is in compliance with the provisions of the Americans
10 with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
11 other accessibility law as plead herein. Plaintiff seeks an order from this court compelling
12 defendants to make the MILANO PIZZA accessible to persons with disabilities.

13     29.    On information and belief, defendants have intentionally undertaken to modify and
14 alter existing building(s), and have failed to make them comply with accessibility requirements
15 under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each
16 of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit
17 and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried
18 out by defendants, and each of them, with a willful and conscious disregard for the rights and
19 safety of plaintiff and other similarly situated persons, and justify a trebling of damages as
20 provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of
21 defendants, and each of them, to other operators and landlords of other pizza stores, pizzerias,
22 pizza houses and other public facilities, and to punish defendants and to carry out the purposes of
23 the Civil Code §§ 51, 51.5 and 54.

24     30.    Plaintiff is informed and believes and therefore alleges that defendants JOHN
25 VOZAITIS and DENISE VOZAITIS, TRUSTEES OF THE JOHN and DENISE VOZAITIS
26 REVOCABLE LIVING TRUST dated DECEMBER 20, 2007; and DENNIS VOZAITIS, an
27 individual dba MILANO PIZZA, and each of them, caused the subject building(s) which
28 constitute the MILANO PIZZA to be constructed, altered and maintained in such a manner that

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

1 persons with physical disabilities were denied full and equal access to, within and throughout said
2 building(s) of the pizza store and were denied full and equal use of said public facilities.
3 Furthermore, on information and belief, defendants have continued to maintain and operate said
4 pizza store and/or its building(s) in such conditions up to the present time, despite actual and
5 constructive notice to such defendants that the configuration of MILANO PIZZA and/or its
6 building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff
7 LES JANKEY, and other members of the disability community. Such construction, modification,
8 ownership, operation, maintenance and practices of such public facilities are in violation of Civil
9 Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

10     31.     On personal knowledge, information and belief, the basis of defendants' actual and
11 constructive notice that the physical configuration of the facilities including, but not limited to,
12 architectural barriers constituting the MILANO PIZZA  and/or building(s) was in violation of the
13 civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to,
14 communications with invitees and guests, plaintiff LES JANKEY himself, owners of other
15 restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon
16 modification, improvement, or substantial repair of the subject premises and other properties
17 owned by these defendants, newspaper articles and trade publications regarding the Americans
18 with Disabilities Act of 1990 and other access laws, public service announcements by former U.S.
19 Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendants'
20 failure, under state and federal law, to make the MILANO PIZZA accessible is further evidence of
21 defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with
22 disabilities. Despite being informed of such effect on plaintiff and other persons with physical
23 disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and
24 willfully refused to take any steps to rectify the situation and to provide full and equal access for
25 plaintiff and other persons with physical disabilities to the subject pizza store. Said defendants,
26 and each of them, have continued such practices, in conscious disregard for the rights of plaintiff
27 and other persons with physical disabilities, up to the date of filing of this complaint, and
28 continuing thereon. Defendants had further actual knowledge of the architectural barriers referred

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  to herein by virtue of the demand letter addressed to the defendants and served concurrently with

2  the summons and complaint. Said conduct, with knowledge of the effect it was and is having on

3  plaintiff and other persons with physical disabilities, constitutes despicable conduct in conscious

4  disregard of the rights and safety of plaintiff and of other similarly situated persons, justifying the

5  imposition of treble damages per Civil Code §§52 and 54.3.

6      32.   Plaintiff LES JANKEY and the disability community, consisting of persons with

7  disabilities, would, could and will return to the subject public accommodation when it is made

8  accessible to persons with disabilities.

9  **I.**   **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
10    **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
  (On behalf of Plaintiff LES JANKEY, an individual and Against Defendants JOHN
11    VOZAITIS and DENISE VOZAITIS, TRUSTEES OF THE JOHN and DENISE
  VOZAITIS REVOCABLE LIVING TRUST dated DECEMBER 20, 2007; and DENNIS
12    VOZAITIS, an individual dba MILANO PIZZA, inclusive)
  (42 U.S.C. §12101, *et seq.*)

13
    33.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

14  the allegations contained in paragraphs 1 through 32 of this complaint.

15
    34.   Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

16  §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

17  protect:

18
19      some 43 million Americans with one or more physical or mental
    disabilities; [that] historically society has tended to isolate and
    segregate individuals with disabilities; [that] such forms of
20      discrimination against individuals with disabilities continue to be a
    serious and pervasive social problem; [that] the nation's proper
21      goals regarding individuals with disabilities are to assure equality of
    opportunity, full participation, independent living and economic
22      self-sufficiency for such individuals; [and that] the continuing
    existence of unfair and unnecessary discrimination and prejudice
23      denies people with disabilities the opportunity to compete on an
    equal basis and to pursue those opportunities for which our free
24      society is justifiably famous.

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

35.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

36.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

37.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

12

38.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)   a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    39.    The removal of the barriers complained of by plaintiff as hereinabove alleged was

2    at all times after January 26, 1992 "readily achievable" as to the subject building(s) of the

3    MILANO PIZZA pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if

4    the removal of all the barriers complained of herein together was not "readily achievable," the

5    removal of each individual barrier complained of herein was "readily achievable." On

6    information and belief, defendants' failure to remove said barriers was likewise due to

7    discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

8    (b)(2)(A)(i)and (ii).

9    40.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

10   accomplishable and able to be carried out without much difficulty or expense." The statute

11   defines relative "expense" in part in relation to the total financial resources of the entities

12   involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that

13   plaintiff complains of herein were and are "readily achievable" by the defendants under the

14   standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was

15   not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

16   make the required services available through alternative methods which were readily achievable.

17   41.    On information and belief, construction work on, and modifications of, the subject

18   building(s) of the subject pizza store occurred after the compliance date for the Americans with

19   Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of

20   the ADA.

21   42.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

22   *seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

23   Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis

24   of disability in violation of this title or have reasonable grounds for believing that plaintiff is about

25   to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or

26   making use of the public facilities complained of herein so long as the premises and defendants'

27   policies bar full and equal use by persons with physical disabilities.

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

43. 42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this section, plaintiff LES JANKEY has not returned to defendants' premises since on or about April 13, 2009, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

44. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

**II.  SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff LES JANKEY, an individual and Against Defendants JOHN VOZAITIS and DENISE VOZAITIS, TRUSTEES OF THE JOHN and DENISE VOZAITIS REVOCABLE LIVING TRUST dated DECEMBER 20, 2007; and DENNIS VOZAITIS, an individual dba MILANO PIZZA, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

45. Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 44 of this complaint.

46. At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

///

///

///

47.   California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

48.   California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

49.   Plaintiff LES JANKEY is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to defendants' MILANO PIZZA. As a legal result, plaintiff is entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which he visited or have been deterred from visiting the MILANO PIZZA because of their knowledge and belief that the subject pizzeria is inaccessible to persons with disabilities.

///

///

///

1 California Civil Code §54.3(a) provides:

> 2 Any person or persons, firm or corporation, who denies or interferes
> with admittance to or enjoyment of the public facilities as specified
> 3 in Sections 54 and 54.1 or otherwise interferes with the rights of an
> individual with a disability under Sections 54, 54.1 and 54.2 is
> 4 liable for each offense for the actual damages and any amount as
> may be determined by a jury, or the court sitting without a jury, up
> 5 to a maximum of three times the amount of actual damages but in
> no case less than . . .one thousand dollars ($1,000) and . . .
> 6 attorney's fees as may be determined by the court in addition
> thereto, suffered by any person denied any of the rights provided in
> 7 Sections 54, 54.1 and 54.2.

8 Civil Code §54.3(a)

9    50.    On or about February 6, 2009, February 14, 2009, April 1, 2009 and April 13,

10 2009, plaintiff LES JANKEY suffered violations of Civil Code §§54 and 54.1 in that plaintiff

11 LES JANKEY was denied access to  entrance, men's restroom, women's restroom and other

12 public facilities as stated herein at the MILANO PIZZA and on the basis that plaintiff LES

13 JANKEY was a person with physical disabilities.

14    51.    As a result of the denial of equal access to defendants' facilities due to the acts and

15 omissions of defendants, and each of them, in owning, operating and maintaining these subject

16 public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to

17 rights under Civil Code §§54, 54.1 and 54.3, and plaintiff LES JANKEY suffered physical

18 discomfort, bodily injury on or about February 6, 2009, including, but not limited to, fatigue,

19 stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over,

20 around and through architectural barriers.  Specifically, as a legal result of defendants negligence

21 in the design, construction and maintenance of the existing men's restroom, plaintiff LES

22 JANKEY suffered continuous, repetitive and cumulative trauma to his upper extremities while

23 attempting to use the water closet.

24    52.    Further, plaintiff LES JANKEY suffered mental distress, mental suffering, mental

25 anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment

26 and worry, all of which are expectedly and naturally associated with a denial of access to a person

27 with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and

28 omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 person or an entity that represents persons with physical disabilities and unable, because of the

2 architectural barriers created and maintained by the defendants in violation of the subject laws, to

3 use the public facilities hereinabove described on a full and equal basis as other persons.

4     53.    Plaintiff has been damaged by defendants', and each of their, wrongful conduct and

5 seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights

6 as a person or an entity that represents persons with physical disabilities on or about February 6,

7 2009, February 14, 2009, April 1, 2009 and April 13, 2009, and on a continuing basis since then,

8 including statutory damages, a trebling of all of actual damages, general and special damages

9 available pursuant to §54.3 of the Civil Code according to proof.

10     54.    As a result of defendants', and each of their, acts and omissions in this regard,

11 plaintiff has been required to incur legal expenses and hire attorneys in order to enforce

12 plaintiff's rights and enforce the provisions of the law protecting access for persons with physical

13 disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to

14 the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all

15 reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,

16 plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to

17 compel the defendants to make their facilities accessible to all members of the public with

18 disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

19 the provisions of §1021.5 of the Code of Civil Procedure.

20 **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
21 (On Behalf of Plaintiff LES JANKEY, an individual and Against Defendants JOHN VOZAITIS and DENISE VOZAITIS, TRUSTEES OF THE JOHN and DENISE
22 VOZAITIS REVOCABLE LIVING TRUST dated DECEMBER 20, 2007; and DENNIS VOZAITIS, an individual dba MILANO PIZZA, inclusive)
23 (Health & Safety Code §19955, *et seq.*)

24     55.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

25 the allegations contained in paragraphs 1 through 54 of this complaint.

26 ///

27 ///

28 ///

56.     Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.  When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

57.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.  On information and belief, portions of the MILANO PIZZA and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the pizza store and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said pizza store and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

58.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the subject pizzeria and/or the building(s) occurring after that date.  Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

///

///

///

1 On information and belief, at the time of the construction and modification of said building, all

2 buildings and facilities covered were required to conform to each of the standards and

3 specifications described in the American Standards Association Specifications and/or those

4 contained in Title 24 of the California Building Standards Code.

5      59.     Restaurants such as the MILANO PIZZA are "public accommodations or

6 facilities" within the meaning of Health & Safety Code §19955, *et seq.*

7      60.     As a result of the actions and failure to act of defendants, and as a result of the

8 failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied

9 plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil

10 rights and plaintiff's rights as a person with physical disabilities to full and equal access to public

11 facilities.

12      61.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

13 plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's

14 civil rights and enforce provisions of the law protecting access for the persons with physical

15 disabilities and prohibiting discrimination against the persons with physical disabilities, and to

16 take such action both in plaintiff's own interests and in order to enforce an important right

17 affecting the public interest. Plaintiff, therefore, seeks in this lawsuit the recovery of all

18 reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

19 §1021.5. Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953

20 and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and

21 litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

22 Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

23      62.     Plaintiff seeks injunctive relief for an order compelling defendants, and each of

24 them, to make the subject place of public accommodation readily accessible to and usable by

25 persons with disabilities.

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

IV.   **FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff LES JANKEY, an individual and Against Defendants JOHN VOZAITIS and DENISE VOZAITIS, TRUSTEES OF THE JOHN and DENISE VOZAITIS REVOCABLE LIVING TRUST dated DECEMBER 20, 2007; and DENNIS VOZAITIS, an individual dba MILANO PIZZA, inclusive)
(Civil Code §51, 51.5)

63.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 62 of this complaint.

64.   Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

2   "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the

3   failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

4   failing to act to identify and remove barriers can be construed as a "negligent per se" act of

5   defendants, and each of them.

6          65.    The acts and omissions of defendants stated herein are discriminatory in nature and

7   in violation of Civil Code §51.5:

8                  No business establishment of any kind whatsoever shall
           discriminate against, boycott or blacklist, refuse to buy from, sell to,
9          or trade with any person in this state because of the race, creed,
           religion, color, national origin, sex, or **disability** of the person or of
10         the person's partners, members, stockholders, directors, officers,
           managers, superintendents, agents, employees, business associates,
11         suppliers, or customers.

12                 As used in this section, "person" includes any person, firm
           association, organization, partnership, business trust, corporation,
13         limited liability company, or company.

14                 Nothing in this section shall be construed to require any
           construction, alteration, repair, structural or otherwise, or
15         modification of any sort whatsoever, beyond that construction,
           alteration, repair or modification that is otherwise required by other
16         provisions of law, to any new or existing establishment, facility,
           building, improvement, or any other structure . . . nor shall anything
17         in this section be construed to augment, restrict or alter in any way
           the authority of the State Architect to require construction,
18         alteration, repair, or modifications that the State Architect otherwise
           possesses pursuant to other laws.
19

20         66.    Defendants' acts and omissions as specified have denied to the plaintiff full and

21  equal accommodations, advantages, facilities, privileges and services in a business establishment,

22  on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil

23  Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A

24  violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public

25  Law 101-336) shall also constitute a violation of this section."  Plaintiff accordingly incorporates

26  the entirety of his above cause of action for violation of the Americans with Disabilities Act at

27  §33, *et seq.*, as if repled herein.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

67.     As a legal result of the violation of plaintiff LES JANKEY's civil rights as hereinabove described, plaintiff LES JANKEY has suffered general damages, bodily injury on or about February 6, 2009 (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing men's restroom, plaintiff suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting to use the water closet.

68.     Further, plaintiff LES JANKEY suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

69.     Plaintiff LES JANKEY is entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 **PRAYER:**

2     Plaintiff prays that this court award damages and provide relief as follows:

3 **I.**     **PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

4     **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiff LES JANKEY, an individual and Against Defendants JOHN

5     VOZAITIS and DENISE VOZAITIS, TRUSTEES OF THE JOHN and DENISE
VOZAITIS REVOCABLE LIVING TRUST dated DECEMBER 20, 2007; and DENNIS

6     VOZAITIS, an individual dba MILANO PIZZA, inclusive)
(42 U.S.C. §12101, *et seq.*)

7

    1.     For injunctive relief, compelling defendants JOHN VOZAITIS and DENISE

8 VOZAITIS, TRUSTEES OF THE JOHN and DENISE VOZAITIS REVOCABLE LIVING

9 TRUST dated DECEMBER 20, 2007; and DENNIS VOZAITIS, an individual dba MILANO

10 PIZZA, inclusive, to make the MILANO PIZZA, located at 1330 9th Avenue, San Francisco,

11 California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181,

12 *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and

13 procedures so as to afford full access to the goods, services, facilities, privileges, advantages and

14 accommodations being offered.

15     2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

16 the prevailing party; and

17     3.     For such other and further relief as the court may deem proper.

18 **II.**     **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND**

19     **EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1
AND 54.3, *ET SEO.***

20     (On Behalf of Plaintiff LES JANKEY, an individual and Against
Defendants JOHN VOZAITIS and DENISE VOZAITIS, TRUSTEES OF THE JOHN and

21     DENISE VOZAITIS REVOCABLE LIVING TRUST dated DECEMBER 20, 2007; and
DENNIS VOZAITIS, an individual dba MILANO PIZZA, inclusive)

22     (California Civil Code §§54, 54.1, 54.3, *et seq.*)

23     1.     For injunctive relief, compelling defendants JOHN VOZAITIS and DENISE

24 VOZAITIS, TRUSTEES OF THE JOHN and DENISE VOZAITIS REVOCABLE LIVING

25 TRUST dated DECEMBER 20, 2007; and DENNIS VOZAITIS, an individual dba MILANO

26 PIZZA, inclusive, to make the MILANO PIZZA, located at 1330 9th Avenue, San Francisco,

27 California, readily accessible to and usable by individuals with disabilities, per state law.

28 ///

2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation.

3.    Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.    Treble damages pursuant to Civil Code §54.3;

5.    General damages according to proof;

6.    For all costs of suit;

7.    Prejudgment interest pursuant to Civil Code §3291; and

8.    Such other and further relief as the court may deem just and proper.

**III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEO.***
(On Behalf of Plaintiff LES JANKEY, an individual and Against Defendants JOHN VOZAITIS and DENISE VOZAITIS, TRUSTEES OF THE JOHN and DENISE VOZAITIS REVOCABLE LIVING TRUST dated DECEMBER 20, 2007; and DENNIS VOZAITIS, an individual dba MILANO PIZZA, inclusive)
(Health & Safety code §19955, *et seq.*)

1.    For injunctive relief, compelling defendants JOHN VOZAITIS and DENISE VOZAITIS, TRUSTEES OF THE JOHN and DENISE VOZAITIS REVOCABLE LIVING TRUST dated DECEMBER 20, 2007; and DENNIS VOZAITIS, an individual dba MILANO PIZZA, inclusive, to make the MILANO PIZZA, located at 1330 9th Avenue, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

3.    For all costs of suit;

4.    For prejudgment interest pursuant to Civil Code §3291;

5.    Such other and further relief as the court may deem just and proper.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  **IV.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO
          FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**
2  **      PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL
          CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
3        (On Behalf of Plaintiff LES JANKEY, an individual and Against
          Defendants JOHN VOZAITIS and DENISE VOZAITIS, TRUSTEES OF THE JOHN and
4        DENISE VOZAITIS REVOCABLE LIVING TRUST dated DECEMBER 20, 2007; and
          DENNIS VOZAITIS, an individual dba MILANO PIZZA, inclusive)
5        (California Civil Code §§51, 51.5, *et seq.*)

6        1.      All statutory damages as afforded by Civil Code §52(a) for the date of incident and

7  for each occasion on which plaintiff was deterred from returning to the subject public

8  accommodation;

9        2.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing

10 party;

11       3.      General damages according to proof;

12       4.      Treble damages pursuant to Civil Code §52(a);

13       5.      For all costs of suit;

14       6.      Prejudgment interest pursuant to Civil Code §3291; and

15       7.      Such other and further relief as the court may deem just and proper.

16 Dated:    5/26       , 2009     THOMAS E. FRANKOVICH,
                                   *A PROFESSIONAL LAW CORPORATION*
17

18                                 By:
19                                        THOMAS E. FRANKOVICH
20                                 Attorneys for Plaintiff LES JANKEY, an individual

21                            **DEMAND FOR JURY TRIAL**

22       Plaintiff hereby demands a jury for all claims for which a jury is permitted.

23
24 Dated:  5/26       , 2009       THOMAS E. FRANKOVICH,
                                   *A PROFESSIONAL LAW CORPORATION*
25

26                                 By:
27                                        THOMAS E. FRANKOVICH
                                   Attorneys for Plaintiff LES JANKEY, an individual
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26

Stock # R DOA-10-B  Recycled

Legal Tabs Co. 1-800-322-3022

A

Les Jankey
9005 Keith Avenue, Apt. 1
West Hollywood, CA 90069

February 23, 2009

Manager
Milano's Pizzeria
1330 9th Avenue
San Francisco, CA 94122

Dear Manager of Milano's Pizzeria:

Recently, I visited Milano's Pizza.  As I use a wheelchair, I had problems with the entrance door, the steep slope and the restrooms.  Something needs to be done to provide access.  Maybe make one big restroom out of the two.  What do you think?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months.  I'd like a written agreement.  If you cannot do this would you forward my letter to whomever is in charge.  I'd like to come back to Milano's Pizza once it's accessible to me.  I may still come back before you do the work just because I like the place.  If there is some problem doing this please let me know.  I also think that you probably have paid a lot of money over the years to the landlord.  If so, the landlord should step up to the plate. Between you, I know something could be done.  Right?  I'm having my friend Craig Yates send you my letter.  Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you.  If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.   You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

Thank you for considering my request.

Thank You,

Les Jankey

Les Jankey
9005 Keith Avenue, Apt. 1
West Hollywood, CA 90069

February 23, 2009

Owner of the Building
Milano's Pizzeria
1330 9th Avenue
San Francisco, CA 94122

Dear Owner of Building for Milano's Pizzeria:

Recently, I visited Milano's Pizza.  As I use a wheelchair, I had problems with the entrance door, the steep slope and the restrooms.  Something needs to be done to provide access. Maybe make one big restroom out of the two.  What do you think?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months.  I'd like a written agreement.  If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Milano's Pizza once it's accessible to me.  I may still come back before you do the work just because I like the place.  If there is some problem doing this please let me know.  I also think that you probably have paid a lot of money over the years to the landlord.  If so, the landlord should step up to the plate. Between you, I know something could be done. Right?  I'm having my friend Craig Yates send you my letter.  Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you.  If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.   You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

Thank you for considering my request.

Thank You,

Les Jankey